## No. 10,728

### Orleans

---

### SCHOLDER v. LAUNDRY & DRY CLEANING SERVICE, INC.

---

(May 27, 1929. Opinion and Decree.)

---

Lemle, Moreno and Lemle, of New Orleans, attorneys for plaintiff, appellant.

J. C. Henriques and Frank T. Doyle, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. Plaintiff sues for damages sustained by his automobile as a result of a collision with a laundry truck of defendant. The laundry truck, just before the accident, had been parked on the downtown side of Robert Street, facing towards the lake. Plaintiff's automobile, driven by his chauffeur, was proceeding out Robert Street towards the lake. The driver of defendant's truck had made a call at a residence on Robert Street and, as his next call was to be made on St. Charles Avenue, which was in the opposite direction to that in which he was facing, it became necessary for him to turn around.

There was another automobile parked alongside the curb on the downtown side of Robert Street and some twenty odd feet ahead of the laundry truck.

The trial court rendered judgment dismissing plaintiff's suit.

Plaintiff contends that defendant's driver instead of going to the next corner to make the turn, as he says he intended to do, was in fact, attempting to turn in the middle of the block by driving into a runway on the opposite side and by then backing around in the other direction.

At any rate, whether the driver of the laundry truck intended to turn completely around in the middle of the block or was merely turning out into the street to pass the vehicle in front of him, his truck was struck violently by plaintiff's automobile, which, as we have stated, was approaching from the rear.

Defendant's driver claims that before he turned his truck away from the curb, he put out his hand and also looked to the rear, and that he saw plaintiff's car approaching but gave it no serious consideration because it was more than one hundred feet away at the time.

Plaintiff's chauffeur, on the other hand, maintains that defendant's driver gave no warning of his intention, but, after starting the truck, suddenly turned it across the street almost at a right angle.

It is quite peculiar that it was the right rear portion of plaintiff's car which struck the left rear portion of defendant's truck. Plaintiff's chauffeur explains this by saying that he could not stop in time to avoid striking the truck and, therefore, put on his brakes, turned to his left and ran partially into a driveway and that the side of this driveway stopped the forward motion of the right front wheel, with the effect that the rear portion of the car skidded into the truck.

In addition to the two drivers, there were two eye witnesses, but we agree with the judge, a quo, that their testimony is so manifestly erroneous that neither is entitled to belief. One of these witnesses, Patterson, was called as a witness by plaintiff. He stated that the truck was backing out into the street when it was struck. This is shown to be entirely at variance with the true facts. The other of these witnesses, a thirteen-year-old boy

named Staub, placed on the stand by defendant, insisted that the truck was parked alongside the uptown curb. In this he was manifestly in error. The fact that it was the right rear of plaintiff's car which crashed into defendant's truck, convinces us that plaintiff's car must have been going at a very rapid rate because the street was dry and, under these circumstances, it would not be possible for a car to skid sideways with sufficient force to do the damage which was sustained in this case, unless prior to the application of the brakes it had been running at an excessive speed.

The judge, a quo, seems to have been of this opinion and, as he saw and heard the witnesses, we feel that he was in a better position than are we to determine what were the true facts.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.